USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x
                                      :
UNITED STATES OF AMERICA              :
                                      :   CONSENT PRELIMINARY ORDER
          - v. -                      :   OF FORFEITURE/
                                      :   MONEY JUDGMENT
MICHAEL FINOCCHIARO,                  :
                                      :   S3 17 Cr. 243 (SHS)
          Defendant.                  :
                                      :
- - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about August 2, 2017, MICHAEL FINOCCHIARO (the "defendant"), was charged in a four-count Superseding Information, S3 17 Cr. 243 (SHS) (the "Information"), with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One); wire fraud conspiracy, in violation of Title 18, United States Code, Section 1349 (Count Two); money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three); and narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Four);

WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the

commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Three of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Four of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Four of the Information and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count Four of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Information;

WHEREAS, on or about November 7, 2018, the defendant pled guilty to Counts One through Four of the Information, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to: (i) Counts One and Two of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses; (ii) Count Three of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Section 982(a)(1) any and all property, real and personal, involved in the offense charged in Count Three of the Information, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Information; and (iii) Count Four of the Information and agrees to forfeit, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Four of

the Information and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count Four of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Information;

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $3,542,549.40 in United States currency representing (i) the amount of proceeds traceable to the offenses charged in Counts One, Two and Four of the Information that the defendant personally obtained; and (ii) property involved in the offense charged in Count Three of the Information; and

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offenses charged in Counts One, Two and Four of the Information that the defendant personally obtained and property involved in the offense charged in Count Three of the Information cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney, Kiersten A. Fletcher of counsel, and the defendant, and his counsel, Michael Cibella, Esq., that:

1. As a result of the offenses charged in Counts One through Four of the Information, to which the defendant pled guilty, a money judgment in the amount of $3,542,549.40 in United States currency (the "Money Judgment"), representing (i) the amount of proceeds traceable to the offenses charged in Counts One, Two and Four of the Information that the defendant personally obtained, and (ii) property involved in the offense charged in Count Three of the Information, shall be entered against the defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the defendant, MICHAEL FINOCCHIARO, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

4. United States Customs and Border Protection is authorized to deposit the payment on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and

Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____    9/26/19
Kiersten A. Fletcher                    DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2238

MICHAEL FINOCCHIARO

By: _____    9/26/19
MICHAEL FINOCCHIARO                     DATE

By: _____    9/25/19
MICHAEL CIBELLA, ESQ.                   DATE
Attorney for Defendant
Law Offices of Michael V. Cibella, LLC
546 Fifth Avenue
New York, New York 10036

SO ORDERED:

_____    September 26, 2019
HONORABLE SIDNEY H. STEIN         DATE
UNITED STATES DISTRICT JUDGE