UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

MICHAEL FINOCCHIARO,

　　　　　　　　　　Defendant.

---

17-Cr-243 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

　　On September 26, 2019, this Court sentenced defendant Michael Finocchiaro to fifteen months' incarceration after he pleaded guilty to various crimes stemming from a fraudulent telemarketing scheme. (J., ECF No. 507.) He is currently serving his sentence at the Federal Correctional Institution in Schuylkill County, Pennsylvania ("FCI Schuylkill"), and is projected to be released on December 23, 2020. Finocchiaro now moves pro se, under the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A), to reduce the remainder of his sentence to time served. (Def.'s Mot. at 1, ECF No. 574.) That statute permits a district court to reduce a sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

　　To begin with, a compassionate-release motion may be filed only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Here, Finocchiaro submitted a request to the warden of FCI Schuylkill on May 4, 2020. (Def's Mot. at 13.) Because thirty days have passed since the warden's receipt of this request, Finocchiaro has exhausted his administrative remedies and may file a compassionate-release motion with this Court. *See* 18 U.S.C. § 3582(c)(1)(A).

　　In his motion, Finocchiaro maintains that he suffers from health conditions that pose an increased risk for severe COVID-19 illness—hypertension and obesity—and thus argues that the risk of COVID-19 infection to him provides an extraordinary and compelling reason for his release. (Def.'s Mot. at 5.) This Court and many others have indeed recognized that the risks of COVID-19 infection for defendants with hypertension or obesity can provide extraordinary and compelling reasons for a sentence reduction. *See, e.g.*, *United States v. Vasquez*, No. 11-CR-389, 2020 WL 5038006, at *1 (S.D.N.Y. Aug. 26, 2020); *United States v. Zukerman*, No. 16 CR. 194, 2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020). Still, Finocchiaro does not fall within a high-risk age group for severe COVID-19 illness. *Cf. Older Adults*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/needextra-precautions/older-

adults.html (last updated Aug. 16, 2020). And the Bureau of Prisons reports no active COVID-19 cases among inmates at FCI Schuylkill. *See BOP: COVID-19 Update*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated Sept. 10, 2020).

Ultimately, however, the Court need not determine whether extraordinary and compelling reasons exist for a sentence reduction, because the compassionate-release statute also requires that the Court find that "the factors set forth in section 3553(a)" favor a reduction. 18 U.S.C. § 3582(c)(1)(A). The Court cannot so find. Finocchiaro's conduct was undoubtedly serious. He pleaded guilty to participating in a multiyear telemarketing scheme that targeted vulnerable people—most of whom were over seventy years old—and defrauded them out of millions of dollars. (*See* PSR ¶¶ 11–20, ECF No. 505.) Finocchiaro's own involvement was substantial; indeed, he was found to be a leader or organizer for the telemarketing conspiracy and, along with his codefendants, was found to be personally responsible for a loss of $1.5 to $3.5 million. (*Id.* ¶¶ 29–30.) Given the seriousness of Finocchiaro's conduct, the Sentencing Guidelines range was 135 to 168 months. (*Id.* ¶ 89.) The fifteen-month sentence ultimately imposed by this Court was a significant departure from that range. Under these circumstances, the Court cannot find that the section 3553(a) factors—especially, "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A)—support Finocchiaro's requested sentence reduction.

Accordingly, IT IS HEREBY ORDERED that Finocchiaro's motion for a sentence reduction is denied. The Clerk of Court is directed to mail a copy of this Order to defendant as follows: Michael Finocchiaro [78881-054], FCI Schuylkill, Federal Correctional Institution, P.O. Box 759, Minersville, PA 17954, and note the mailing on ECF.

Dated:  New York, New York
       September 11, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.